Vacated by Supreme Court, October 3, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4896**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICK BARTON, SR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (CR-02-80)

Submitted: October 6, 2004          Decided: December 3, 2004

Before WILLIAMS, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

A. Benton Chafin, Jr., Lebanon, Virginia, for Appellant. John L. Brownlee, United States Attorney, Rick A. Mountcastle, Assistant United States Attorney, R. Lucas Hobbs, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rick Lee Barton, Sr., appeals his conviction and sentence on several drug and gun offenses. For the following reasons, we affirm Barton's conviction and sentence.

## I.

Barton was the leader of a drug operation that began in 1997. The operation sold oxycontin and cocaine in rural Tazewell, Virginia and Newhall, West Virginia. Because Barton was disabled, he would direct other persons to drive him to North Carolina to pick up oxycontin from his drug connection, Michael Billings. Barton would also send individuals to Bluefield, Virginia to pick up drugs. Barton generally sold drugs for cash, but he would accept guns as well. Trial testimony showed that Barton accepted guns in exchange for drugs on at least four occasions and that Barton obtained guns worth almost $20,000 from one individual. Barton would then sell the guns to Billings.

After his arrest, Barton waived his Miranda rights and told investigators from the Bureau of Alcohol, Tobacco, and Firearms that he had purchased drugs from Billings for almost fifteen years, and that he had sold drugs to between 300 and 400 people.

Barton was indicted by a federal grand jury in the Western District of Virginia on May 15, 2003 on six counts relating to his drug operation: four counts of possession of a firearm in

2

furtherance of a drug trafficking offense, 18 U.S.C.A. § 924(c), and one count each of distribution and possession with intent to distribute oxycodone (oxycontin) and cocaine, 21 U.S.C.A. § 841(a)(1), and conspiracy to engage in such a distribution, 21 U.S.C.A. § 846. Barton's common law wife, Janice Alalusi, was also indicted on the drug conspiracy and distribution counts. Barton pleaded not-guilty to each count, and he was tried by a jury on August 20 and 21, 2003 in the United States District Court for the Western District of Virginia.

On the morning of August 21, 2003, the jury returned a verdict of guilty on all counts. Barton requested a poll of the jury, and one juror, the foreperson, indicated that the verdict read in court was not her verdict. The district court then made the following statement: "Ladies and gentlemen, it appears to me that your verdict was not unanimous. Your verdict must be unanimous. I'm going to ask you to return to the jury room and continue your deliberations." (J.A. at 325.) Barton did not object to this instruction, and the jury returned later in the day, finding Barton guilty on all counts. When polled, the foreperson this time indicated that "guilty" was her verdict.

On August 28, 2003, Barton moved for a new trial based upon the unanimity instruction given by the district court. The district court denied this motion on November 10, 2003, at Barton's sentencing. It concluded that Federal Rule of Criminal Procedure

3

31(d) gave it discretion either to declare a mistrial or to return the jury for further deliberations when a poll revealed that a verdict was not unanimous.

The district court then turned to Barton's sentencing. The pre-sentence report (PSR) recommended that Barton receive a four-level enhancement under § 3B1.1 of the United States Sentencing Guidelines for being an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive. Barton objected to this enhancement, and the district court heard evidence on the enhancement. The district court concluded that the enhancement was proper because Barton "exercised decision making authority in regard to the drug conspiracy. He participated directly at the center of it." (J.A. at 373.) In addition, the district court found that "this drug conspiracy was wide ranging, both in terms of time and participants, and geographically." (J.A. at 374.) The district court sentenced Barton to 1,170 months in prison. The sentence was computed as follows: 210 months for counts one and two; 60 months for count three to run consecutively; and 300 months each, to run consecutively, for counts four, five, and six. Barton noted a timely appeal and we have jurisdiction under 28 U.S.C. § 1291.

II.

On appeal, Barton contends that the district court abused its discretion in failing to grant his motion for a new trial, erred in permitting Barton to be convicted on four § 924(c) offenses, and clearly erred in imposing the leadership enhancement. We find each of Barton's arguments to be without merit.

A.

Barton first argues that the district court's instruction after the jury returned without a unanimous verdict coerced the jury and required the grant of a new trial. Because Barton failed to object to the district court's instruction, we review for plain error, and not, as Barton contends, for abuse of discretion. See Federal Rule of Criminal Procedure 30(d) (stating that "[f]ailure to object [to a jury instruction] in accordance with this rule precludes appellate review, except as permitted under Rule 52(b).") Because the district court made no error of law, Barton cannot satisfy the plain error standard.

Federal Rule of Criminal Procedure 31(d) specifically states that, if a jury poll reveals the jury was not unanimous, "the court may direct the jury to deliberate further or may declare a mistrial and discharge the jury." Fed. R. of Crim. P. 31(d). In this case, the district court chose to direct the jury to deliberate further.

5

We cannot see how the district court's compliance with a rule of criminal procedure amounted to plain error.

B.

Next, Barton contends that, because he was convicted on only one substantive drug offense, he cannot be convicted on multiple § 924(c) offenses[1] for using a firearm in furtherance of the drug offense. We review the district court's ruling that Barton could be so convicted and sentenced de novo. United States v. Carter, 300 F.3d 415, 424 (4th Cir.), cert. denied by McRae v. United States, 123 S.Ct. 614 (2002). Although caselaw from other circuits lends Barton some support for this argument, see United States v. Anderson, 59 F.3d 1323, 1328 (D.C. Cir. 1995) (en banc) (cataloguing that seven circuits, the Second, Fifth, Sixth, Seventh, Ninth, Tenth and Eleventh, have concluded that only one § 924(c)(1) violation can be attached to a single predicate offense), we have specifically held that multiple § 924(c) convictions are

---

[1]Section 924(c) provides that:
Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted on a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime [be sentenced to a five year minimum term of imprisonment].
18 U.S.C.A. § 924(c)(1)(A).

permissible when only one substantive drug offense is charged. See United States v. Camps, 32 F.3d 102 (4th Cir. 1994). As we explained in Camps, "it is . . . self-evident that a defendant who has engaged in numerous instances of the precise conduct that Congress has outlawed has committed more than one criminal offense." Id. At 107.

Barton also argues that there was insufficient evidence to convict him of one of the § 924(c) counts. Josh Wilson testified at trial that he stole a gun from his grandfather and turned it over to Barton in exchange for cash. Wilson then immediately exchanged that money with Barton for oxycontin. Wilson testified that he could not have purchased the drugs from Barton without first selling Barton the gun. Barton contends that because Wilson actually sold him the gun for cash, not drugs, the § 924(c) conviction cannot stand. We disagree: section 924(c) criminalizes the possession of a firearm in furtherance of a drug trafficking offense, and Wilson's testimony sufficiently showed that, through a staggered transaction, Barton obtained a firearm in exchange for drugs and, thus, in furtherance of his drug operation.

C.

Finally, Barton argues that he does not qualify for a leadership enhancement under the Sentencing Guidelines.[2] We review a district court's decision to apply a sentencing adjustment based on a defendant's role in the offense for clear error. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002).

To qualify for a four-level increase under § 3B1.1(a) of the Sentencing Guidelines, a defendant must have been "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S. Sentencing Guidelines Manual (U.S.S.G.) § 3B1.1(a) (2003). The Sentencing Commission has indicated that a court should consider seven factors in determining a defendant's "leadership and organizational role." U.S.S.G. § 3B1.1, cmt. n. 4. These include: "[1] the exercise of decision making authority, [2] the nature of participation in the commission of the offense, [3] the recruitment of accomplices, [4] the claimed right to a larger share of the fruits of the crime, [5] the degree of participation in planning or organizing the offense,

---

[2]We note that at no point, before the district court or this court, has Barton advanced an argument that the leadership enhancement was imposed in violation of his Sixth Amendment rights. See generally Blakely v. Washington, 124 S.Ct. 2531, 2536-37 (2004) (reaffirming that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury," and explaining that the relevant statutory maximum is the "maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant) (emphasis omitted).

8

[6] the nature and scope of the illegal activity, and [7] the degree of control and authority exercised over others." Id.

On the facts presented here, we cannot say that the district court clearly erred in imposing the leadership enhancement. The evidence showed that Barton recruited and directed at least five persons, including his son, Janice Alalusi, Joseph Day, Michael Dowdy, and Chris Browning, to obtain drugs for Barton to resell. In addition, the evidence also showed that Barton's drug conspiracy was extensive in scope, stretching across three states for at least five years. Barton himself confessed to selling drugs to between 300 and 400 people, indicating the existence of a drug conspiracy that was "otherwise extensive." U.S. Sentencing Guidelines Manual (U.S.S.G.) § 3B1.1(a) (2003). Moreover, as a Government witness explained at sentencing, Barton was the "common denominator" in most drug sales in the area, and the trial evidence revealed Barton to be the leader or organizer of this drug conspiracy. (J.A. at 346.) We have previously held that the leadership enhancement is proper where an individual is the chief supplier of drugs to a locality. See United States v. Carter, 300 F.3d at 426 (affirming enhancement where evidence showed the defendants were "the principal suppliers of crack cocaine to the street dealers in the housing project.")

III.

For the foregoing reasons, we affirm Rick Lee Barton Sr.'s conviction and sentence.

AFFIRMED