**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4896**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICK BARTON, SR.,

Defendant - Appellant.

---

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-9022)

---

Submitted: January 27, 2006          Decided: May 3, 2006

---

Before WILLIAMS, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

A. Benton Chafin, Jr., CHAFIN LAW FIRM, P.C., Lebanon, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This case is before us on remand from the United States Supreme Court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). In our prior opinion, we affirmed Barton's convictions on six counts of conspiracy, drug distribution, and firearms offenses, and the resulting 1170-month sentence. United States v. Barton, 116 F. App'x 460 (4th Cir. 2004), vacated, 126 S. Ct. 39 (2005). After reviewing Barton's appeal in light of Booker, we affirm his convictions for the reasons stated in our prior opinion, vacate his sentence, and remand for resentencing.

Barton does not challenge on Sixth Amendment grounds his sentences on the four firearms counts,[1] and we find no Booker error in those statutorily-mandated sentences. See 18 U.S.C. § 924(c)(1)(C)(i) (2000). However, Barton asserts, and the Government concedes, that his Sixth Amendment rights were violated because the district court imposed a four-level enhancement for his role as a leader or organizer in the offense, pursuant to U.S. Sentencing Guidelines Manual (USSG) § 3B1.1 (2002), based on facts not found by a jury or admitted by Barton. Because Barton did not raise the Sixth Amendment issue in the district court, we review

---

[1]Barton does reassert his argument that the district court erred in allowing his conviction for four § 924(c) violations when he was charged with only one predicate drug offense. We reject this argument for the reasons stated in our original opinion.

for plain error.  See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  To demonstrate plain error, Barton must establish that error occurred, that it was plain, and that it affected his substantial rights.  Id. at 547-48.  If a defendant satisfies these requirements, this court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. at 555 (internal quotation marks and citation omitted).

In Booker, the Supreme Court held that the mandatory manner in which the Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment.  125 S. Ct. 746, 750 (Stevens, J., opinion of the Court).  The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory.  125 S. Ct. at 746 (Stevens, J., opinion of the Court);  125 S. Ct. at 756-67 (Breyer, J., opinion of the Court).

Here, the district court sentenced Barton under the mandatory federal Sentencing Guidelines by applying an enhancement for Barton's role in the offense based on factual findings made by the court, yielding a sentencing range of 210-262 months for the

conspiracy and distribution convictions. Excluding this enhancement, Barton's total offense level on these counts would have been thirty. See USSG § 2D1.1(c)(5). With a criminal history category of IV, the resulting guideline range would be 135 to 168 months of imprisonment. USSG Ch. 5, Pt. A (Sentencing Table). The 210-month sentence Barton received on these counts is longer than the maximum of 168 months the district court could have imposed based solely on facts found by the jury. See Hughes, 401 F.3d at 548. We conclude that the district court's plain error in sentencing Barton based on facts found by the court and not the jury affects his substantial rights and warrants correction.[2]

Accordingly, we affirm Barton's convictions, but vacate his sentence and remand for resentencing. Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "'consult [the] Guidelines and take them into account when sentencing.'" United States v. Gray, 405 F.3d 227, 244 n.10 (4th Cir. 2005), cert. denied 126 S. Ct. 275 (2005) (quoting Booker, 125 S. Ct. at 767). In determining the appropriate sentence on remand,

> the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing

---

[2]Just as we noted in Hughes, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Barton's sentencing. 401 F.3d at 545 n.4.

> range along with the other factors described in 18 U.S.C.
> § 3553(a), and then impose a sentence.  <u>Id</u>.  If that
> sentence falls outside the Guidelines range, the court
> should explain its reasons for the departure, as required
> by 18 U.S.C. § 3553(c)(2).  <u>Hughes</u>, 401 F.3d at 546.  The
> sentence must be  "within the statutorily prescribed
> range and . . . reasonable."  <u>Id.</u> at 547.

<u>Id.</u>

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

- 5 -