**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4873**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

RICK BARTON, SR.,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Chief District Judge.  (1:02-cr-00080-jpj)

———————

Submitted:  January 10, 2007        Decided:  February 5, 2007

———————

Before WILLIAMS, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

A. Benton Chafin, Jr., CHAFIN LAW FIRM, P.C., Lebanon, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2003, Rick Barton, Sr., was convicted by a jury of conspiracy to engage in distribution, in violation of 21 U.S.C. § 846 (2000) (Count One); one count of distribution and possession with intent to distribute oxycodone and cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000) (Count Two); and four counts of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2006) (Counts Three through Six). See United States v. Barton, 116 F. App'x 460, 462 (4th Cir. 2004) (No. 03-4896). The district court, overruling Barton's objections, imposed a four-level sentence enhancement under U.S. Sentencing Guidelines Manual (USSG) § 3B1.1(a) (2002), on the ground that Barton was a leader or organizer of a criminal activity involving five or more participants. Barton was sentenced to 1170 months of imprisonment: concurrent 210-month terms for Counts One and Two, a consecutive sixty-month sentence for Count Three, and 300 months each for Counts Four, Five, and Six, to run consecutively. Barton, 116 F. App'x at 462.

On appeal, Barton alleged that (1) the jury was coerced by an instruction directing further deliberation when it returned without a unanimous jury verdict; (2) because he was convicted of only one substantive drug offense, he could not be convicted of multiple firearms counts; and (3) the district court erred in

- 2 -

subjecting Barton to a leadership enhancement.  We rejected all three claims and affirmed the convictions and sentence.  The Supreme Court granted certiorari, vacated the judgment of this court, and remanded the case "for further consideration in light of United States v. Booker, 543 U.S. 220 (2005)."  Barton v. United States, 126 S. Ct. 39 (2005).

On remand to this court, the parties filed supplemental briefs.  Barton alleged that the four-level enhancement imposed by the district court under USSG § 3B1.1 violated his Sixth Amendment rights.  He also argued again that the district court erred in allowing four § 924(c)(1) convictions based on one underlying offense.  The Government conceded plain error under Booker, but asserted that Barton's second argument was beyond the scope of the remand.  We affirmed Barton's convictions for the reasons stated in the initial decision, rejecting Barton's challenge to the § 924(c) convictions "for the reasons stated in our original opinion." United States v. Barton, 178 F. App'x 291, 292 & n.1 (4th Cir. 2006) (No. 03-4896).  Finding plain error in Barton's sentence under Booker, we vacated the sentence and remanded for resentencing.  Id. at 293.

At resentencing, counsel for Barton argued for a variance sentence.  He also asserted that the multiple § 924(c) convictions violated the Double Jeopardy Clause.  The district court declined to address the firearms issue and adopted the findings in the

original presentence report as its findings of fact. The court imposed concurrent sixty-month sentences for Counts One and Two, and reimposed the statutorily-mandated minimum sentences for Counts Three through Six. Barton noted his appeal.

On appeal, Barton does not contest the sentence imposed by the district court. He raises only his challenge to the multiple firearms convictions, although he acknowledges that we have already rejected the claim. This court's prior holding on the issue is the law of the case, and Barton may not relitigate the issue in this appeal. See United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999).

We affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED